### GEORGE STACKPOLE versus CYRUS KEAY.

K. and D. were jointly interested in carrying the United States mail on a certain route for four years from July 1, 1853. They were also joint promisors upon a note held by the plaintiff; and they mutually agreed that the plaintiff might collect the quarterly payments accruing on said contract, and apply the same to the note. — *It was held* that this fund was thereby set apart for that purpose; and that a subsequent agreement, between the plaintiff and *one* only of the parties, to appropriate the fund differently was void; and that the sums, as they were collected, quarterly, by the plaintiff, operated as payments upon the note.

ASSUMPSIT upon a joint and several promissory note, payable by defendant and Cyrus K. Drake, to plaintiff, or order, for $1313,50, in six months from its date, (Sept. 14, 1854,) with interest.

The case was tried before GOODENOW, J., at the April term, 1858. It appeared in evidence that the plaintiff had contracted with the United States government to carry the mail on route number 115, from July 1, 1853 to July 1, 1857. Afterwards, Sept. 14, 1854, he transferred his interest in said contract to Keay & Drake, jointly, and sold to them his stage stock, for which he took the promissory note in suit. The contract with the post-office department still remained in his name, and he only could collect the quarterly payments. By an arrangement between all the parties, on or before Sept. 30, 1855, the plaintiff was there afterwards to collect the amount due on the contract, quarterly, and apply it upon the note.

The plaintiff testified that, subsequently, an arrangement was made between himself and Drake that the amount to be collected should be applied, not upon the note given by Keay & Drake, but upon another note held by the plaintiff against Drake alone; and that he had applied what he had collected accordingly.

The defendant filed an account in set-off for the amount so received by the plaintiff, and contended that it should be applied to the note in suit. This account was allowed by the

jury to the amount of $525, and they returned a verdict for the plaintiff for the balance due on the note, after deducting that sum, together with other payments which had been indorsed. Whereupon, the plaintiff moved for a new trial, on the ground that the verdict was against law and the evidence in the case.

*Appleton & Goodenow,* for plaintiff.

*Drew,* for defendant.

The opinion of the Court was drawn up by

HATHAWAY, J.—The mail pay was due quarterly, the last quarter due July 1, 1857.

It could be collected only through the plaintiff, he being the mail contractor. It was the joint property of the defendant and Drake, the defendant's joint promisor in the note sued. The amount unpaid on the mail contract was five hundred and twenty-five dollars, which was all received by the plaintiff, or paid to his order; he should equitably allow it, on the joint note.

The jury might well have found, from the circumstances and evidence in the case, that the mail pay was a fund set apart and appropriated for the payment of this note, (unless it should be otherwise, subsequently, appropriated by the consent of all the parties,) and, if so, the receipt of each quarterly payment of the mail pay, by the plaintiff, was a payment on the note. The verdict was right. *Motion denied.*

TENNEY, C. J., CUTTING, MAY, GOODENOW, and DAVIS, J. J., concurred.